| | |
|---|---|
| **DEBEVOISE & PLIMPTON LLP**<br>Jonathan R. Tuttle<br>801 Pennsylvania Avenue N.W., Suite 500<br>Washington, D.C. 20004<br>(202) 383-8124<br>jrtuttle@debevoise.com | **DEBEVOISE & PLIMPTON LLP**<br>David H. Bernstein (*pro hac vice* pending)<br>Christopher S. Ford (*pro hac vice* pending)<br>919 Third Avenue<br>New York, New York 10022<br>(212) 909-6696<br>dhbernstein@debevoise.com<br>csford@debevoise.com |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

---

DEBEVOISE & PLIMPTON LLP,

    Plaintiff,

-against-

DEBEVOISE-LAW.COM and

DEBEVOISE-LAWS.COM,

    Defendants.

---

Civil Action No. _____

**COMPLAINT**

Plaintiff Debevoise & Plimpton LLP ("Debevoise"), for its Complaint in this action, complains and alleges as follows:

**Preliminary Statement**

1. Debevoise – an internationally well-known law firm that owns the registered trademarks DEBEVOISE® and DEBEVOISE & PLIMPTON® – files this *in rem* action pursuant to the Anti-cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), against the *res*, the above-captioned domain names, <debevoise-law.com> and <debevoise-laws.com>. The <debevoise-law.com> and <debevoise-

laws.com> domain names expropriate the entirety of the distinctive DEBEVOISE® trademark.

2.      The WHOIS Registration Record ("WHOIS Record") for <debevoise-laws.com> and <debevoise-law.com> has the registrant's name, organization, address, phone number and email address redacted by a privacy service based in Iceland.

3.      In addition to cybersquatting through use of the DEBEVOISE® mark, the <debevoise-law.com> domain is being used in a fraudulent scheme to imitate the Debevoise law firm and its attorneys.  On information and belief, the registrant and/or their affiliates have sent emails from <debevoise-law.com> purporting to be actual Debevoise attorneys, such as Christopher Anthony, and sent these "phishing" emails to third parties in an attempt to obtain sensitive information or funds.  An example of these malicious emails using the <debevoise-law.com> domain is attached, along with Christopher Anthony's legitimate biography page.  *See* Exhibits A and B.

4.      The <debevoise-law.com> domain currently redirects the visitor to Debevoise's legitimate website, which is located at www.debevoise.com.  On information and belief, this redirection is a means of tricking recipients of the fraudulent emails into thinking that the <debevoise-law.com> domain is a legitimate domain owned and operated by Debevoise, which it is not.

5.      The <debevoise-laws.com> domain currently displays paid-per-click advertisements for competitive legal services in an improper attempt to profit off of the goodwill and reputation that Debevoise has established in the legal market by advertising highly related services using a confusingly similar domain.

6.  The bad faith registration and abuse of <debevoise-law.com> and <debevoise-laws.com> is causing irreparable harm to Debevoise and putting innocent individuals at risk of serious financial loss.  Debevoise is entitled to a mandatory preliminary injunction requiring the immediate transfer of the domain names and other appropriate relief.

## The Parties

7.  Debevoise & Plimpton LLP is a limited liability partnership registered in the State of New York with a principal place of business at 919 Third Avenue, New York, NY 10022.

8.  The <debevoise-law.com> and <debevoise-laws.com> domains are registered with Namecheap Inc. ("Namecheap") and the registrant's contact information is redacted from the WHOIS Record.  Debevoise is unable to determine the identity of the registrant from the WHOIS Record; however, the WHOIS record does disclose that the privacy service is located in Reykjavik, Iceland.  The WHOIS Records showing the redacted registration information for <debevoise-law.com> and <debevoise-laws.com> is attached as Exhibit C.

## Jurisdiction and Venue

9.  This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1121(a), 1125(d), 28 U.S.C. §§ 1331, 1332, 1338 and 28 U.S.C. § 2201.

10. 15 U.S.C. § 1125(d)(2)(A) provides for an *in rem* action against a domain name if the owner of the trademark is unable to obtain personal jurisdiction over a person who would have been a defendant under § 1125(d)(1).  The registrant of <debevoise-

law.com> and <debevoise-laws.com> would have been a defendant under Section 1125(d)(1) because both of the domains are confusingly similar—indeed, identical—to the federally registered DEBEVOISE® trademark. Further, the domain names are being used in bad faith to profit from the goodwill of the distinctive DEBEVOISE® trademark and <debevoise-law.com> is attempting to trick unsuspecting visitors and recipients into giving the registrant and/or their affiliates their sensitive information or funds.

11. On information and belief, Debevoise is unable to obtain personal jurisdiction over the registrant of the <debevoise-law.com> and <debevoise-laws.com> domain names. Because the registrant is using an Iceland-based privacy service to mask their identity, Debevoise has been unable to contact the registrant directly, and attempts to contact the registrant through the Icelandic privacy service have been unavailing. Nothing in Debevoise's attempt to identify and contact the registrant has uncovered any facts that would establish personal jurisdiction over the registrant. Upon information and belief, the registrant's only contact with the United States is its registration of <debevoise-law.com> and <debevoise-laws.com> domain names with the U.S.-based registrar and hosting service, Namecheap.

12. The Court has jurisdiction over the *res*, the <debevoise-law.com> and <debevoise-laws.com> domain names, pursuant to 15 U.S.C. § 1125(d)(2)(C)(i), because Verisign Global Registry Services ("Verisign GRS"), the registry which is the exclusive registry for all TLD ".com" domain names, including <debevoise-law.com> and <debevoise-laws.com>, has its principal place of business in Reston, Virginia. *See Cable News Network, LP, LLLP v. CNNews.com*, 56 F. App'x 599, 602 (4th Cir. 2003)

(affirming the district court's ruling that, because the registry, VeriSign GRS, is in the Eastern District of Virginia, the court had jurisdiction under the ACPA). Verisign GRS maintains the shared reservation system for ".com" domain names that allows all registrars, including Namecheap, to enter new domain names into the master directory and to submit modifications, transfers, re-registrations and deletions of existing ".com" domain names.

13. Upon notice of this action to Namecheap, the current registrar of the domain names, Namecheap is required, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i)(I), to deposit the registrar certificate that will provide this Court with control over the <debevoise-law.com> and <debevoise-laws.com> domain names.

14. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this district.

### The DEBEVOISE® Trademark

15. Debevoise is a leading international law firm with offices across the world that handles a wide breadth of legal services ranging from, but not limited to, international dispute resolution to intellectual property litigation to corporate mergers and acquisitions. Debevoise is of international renown – it is the only law firm to appear on the *American Lawyer* A-list every year since that lists' inception. Further, Debevoise and its lawyers are regularly mentioned in public decisions by prominent courts and other tribunals. Debevoise is also often featured in leading publications such as *The New York Times* and *The Wall Street Journal*.

16. Debevoise is the sole and exclusive owner of a number of registered, incontestable trademarks in the United States, including DEBEVOISE® (U.S. Reg. No. 2,777,096) and DEBEVOISE & PLIMPTON® (U.S. Reg. No. 2,513,942). The DEBEVOISE® and DEBEVOISE & PLIMPTON® trademarks are also registered in many countries throughout the world, including, but not limited to, the United Kingdom, the European Union, China, Japan, India, South Korea, Turkey, and the Russian Federation.

17. Debevoise has an active presence on the Internet and maintains online blogs and newscasts to further build and expand its online presence. *See* Exhibit D. The principal domain name registered by Debevoise is <debevoise.com>. Debevoise registered this domain name in on June 13, 1996, and has used the domain name in connection with its website and its corporate email. Debevoise also owns other domain names that incorporate the DEBEVOISE® mark, including but not limited to, <debevoisedatablog.com> and <debevoisedataportal.com>.

18. By reason of the extensive use and advertising of Debevoise's services, the DEBEVOISE® mark has come to be recognized and relied upon by the trade and the public as identifying Debevoise and its legal services, and as distinguishing Debevoise from others and the service of others.

**The Unauthorized Registration and Use of  
<debevoise-law.com> and <debevoise-laws.com>**

19. Upon information and belief, the <debevoise-law.com> and <debevoise-laws.com> domain names were registered in an effort to profit off of Debevoise's

goodwill and to trick unsuspecting visitors and recipients, who are under the impression they are transacting with a legitimate Debevoise contact, into giving their valuable sensitive information and/or funds to the registrant and/or their affiliates.

20. Without authorization from Debevoise, the registrant registered <debevoise-law.com> and <debevoise-laws.com> on October 8, 2021, and September 26, 2021, respectively. *See* Exhibit C.

21. In October 2021, an email was sent from the <debevoise-law.com> domain name that purported to be from Debevoise attorney Christopher Anthony and requested the recipient to enter their sensitive information in an apparent phishing scheme. *See* Exhibit A. Around this time, the website to which the <debevoise-law.com> domain name resolved was changed from a page hosting paid-per-click advertising for legal services to a redirection to Debevoise's website at www.debevoise.com. At the time of this filing, <debevoise-law.com> continues to redirect visitors to www.debevoise.com. At the time of this filing, <debevoise-laws.com> remains a page with pay-per-click advertising for competitive legal services.

22. Upon learning of the unauthorized registration of <debevoise-law.com> and <debevoise-laws.com>, Debevoise sent takedown requests to Namecheap via their online abuse forms on October 29, 2021, and November 8, 2021. The submissions alerted Namecheap to the trademark violations and also included evidence of the fraudulent scheme being perpetrated through use of the <debevoise-law.com> domain name. Copies of the submission receipts are attached as Exhibit E.

23. To date, Namecheap has not acted on the takedown requests. Debevoise only received standard form responses from Namecheap. Copies of these email responses are attached as Exhibit E.

24. Despite repeated efforts to resolve this dispute, neither Namecheap nor the registrant has responded to Debevoise's repeated notices regarding the unauthorized registration and use of <debevoise-law.com> and <debevoise-laws.com> domain names.

25. The use of the <debevoise-law.com> and <debevoise-laws.com> domain names – domain names that incorporate the entirety of the registered, incontestable, and distinctive DEBEVOISE® trademark – clearly establishes that the registrant is seeking to capitalize on the goodwill and recognition of the Plaintiff's mark. On information and belief, the registrant does not have any trademark or other intellectual property rights in the DEBEVOISE® mark. The registrant has never used the domain names in connection with a bona fide offering of goods or services. In fact, both domain names have resolved to websites displaying pay-per-click advertisements for competitive legal services until the www.debevoise-law.com website was changed to redirect to www.debevoise.com. The use of the domain names to host pay-per-click advertising is not a legitimate use and is particularly damaging because the advertisements offer services in the same industry that Debevoise operates in. Further, the use of the <debevoise-law.com> domain name to redirect to the Plaintiff's legitimate website, while the registrant uses the <debevoise-law.com> domain to send fraudulent phishing emails, is evidence that the registrant is seeking to profit off the goodwill and reputation of Debevoise in bad faith.

26. In simplest terms, the registration and infringing use by the registrant of the <debevoise-law.com> and <debevoise-laws.com> domain names constitutes cyberpiracy in violation of the ACPA, as well as trademark infringement under the Lanham Act. The registrant is attempting to capitalize on the valuable goodwill of Debevoise for his own commercial gain, to defraud the public by impersonating Debevoise and its lawyers, and tarnish the distinctive DEBEVOISE® mark in the process.

## COUNT 1

### Trademark Cyberpiracy

15 U.S.C. § 1125(d)

27. Debevoise repeats and realleges the allegations of paragraphs 1 through 26 above as if fully set forth herein.

28. The <debevoise-law.com> and <debevoise-laws.com> domain names expropriate the entirety of the DEBEVOISE® trademark, which was distinctive at the time the domain names were registered. The <debevoise-law.com> and <debevoise-laws.com> domain names are therefore confusingly similar to the DEBEVOISE® trademark.

29. The registration and use of the <debevoise-law.com> and <debevoise-laws.com> domain names are likely to cause consumers to mistakenly believe that the domain names are sponsored or approved of by Debevoise or that the domain names are otherwise affiliated with or have obtained permission from Debevoise. This bad faith intent is further evidenced by the emails sent from the <debevoise-law.com> domain

name where the registrant purports to be Debevoise attorney Christopher Anthony and requests the recipient to give their sensitive information. Additionally, the registration of multiple domain names which are confusingly similar to the Plaintiff's mark demonstrates the registrant's intent to cause confusion among consumers by registering the domain names. Therefore, the registration and use of the <debevoise-law.com> and <debevoise-laws.com> domain names is paradigmatic of bad faith.

30. By engaging in the activities described above, the registrant of <debevoise-law.com> and <debevoise-laws.com> has engaged in cyberpiracy in violation of 15 U.S.C. § 1125(d).

31. The acts of cyberpiracy in connection with the <debevoise-law.com> and <debevoise-laws.com> domain names by a person over whom this Court is unable to obtain personal jurisdiction have caused and are causing irreparable injury to the goodwill and reputation of Debevoise and, unless restrained, will cause further irreparable injury. 15 U.S.C. § 1125(d)(2)(A).

32. By reason of the foregoing, Debevoise is entitled to the transfer of the <debevoise-law.com> and <debevoise-laws.com> domain names and such other and further relief this Court deems just and proper. *See* 15 U.S.C. § 1125(d)(2)(D)(i) & (d)(3).

*(Remainder of page intentionally left blank)*

**<u>Prayer for Relief</u>**

WHEREFORE, Debevoise respectfully requests that the Court order that the <debevoise-law.com> and <debevoise-laws.com> domain names be transferred to Debevoise, and award Debevoise such other and further relief as the Court deems just and proper.

DATED: Washington, D.C.
December 13, 2021

DEBEVOISE & PLIMPTON LLP

By: ______________________________
Jonathan R. Tuttle (VA Bar 34465)
801 Pennsylvania Avenue,
N.W., Suite 500
Washington, D.C. 20004

David H. Bernstein (*pro hac vice* pending)
Christopher S. Ford (*pro hac vice* pending)
919 Third Avenue
New York, New York 10022