UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DEBEVOISE & PLIMPTON LLP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEBEVOISE-LAW.COM, and )<br>DEBEVOISE-LAWS.COM, )<br>)<br>)<br>Defendants. ) | Case No. 1:21-cv-01386 (LO/IDD) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Debevoise & Plimpton LLP's ("Plaintiff" or "Debevoise") Motion for Default Judgment against the Defendants <debevoise-law.com> and <debevoise-laws.com> ("Defendants" or "Infringing Domain Names"). Pl.'s Mot. for Default J., Dkt. No. 25. After the Defendants failed to file an answer, plead, or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, relevant portions of the underlying record, and the supporting memorandum, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiff's Motion be **GRANTED**.

## I.   INTRODUCTION

Plaintiff filed its Complaint on December 13, 2021, against the Defendants Infringing Domain Names. Dkt. No. 1. Plaintiff brought claims for trademark cyberpiracy under 15 U.S.C. § 1125(d), requesting judgment in its favor and a permanent injunction retaining Debevoise as

1

the registrant for the domain names[1].

### A.   Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1121(a), 1125(d), 28 U.S.C. §§ 1331, 1332, 1338 and 28 U.S.C. § 2201 because this case involves federal questions arising under federal laws related to trademarks. Dkt. No. 1 ¶ 9.

This Court has *in rem* jurisdiction over the Defendants Infringing Domain Names under 15 U.S.C. § 1125(d)(2)(A)(ii). *Id.* ¶ 10. The statute provides for an *in rem* action against a domain name if the owner of the trademark is unable to obtain personal jurisdiction over a person who would have been a defendant under § 1125(d)(1). *Id.* The registrant is using an Iceland-based privacy service to mask their identity and Debevoise's attempts to contact the registrant have been unavailing. *Id.* ¶11. In that regard, Debevoise, through due diligence, cannot find a specifically identifiable person who would have been a defendant in this action under § 1125(d)(1)(A).

In addition, *in rem* jurisdiction is proper in this district because Verisign Global Registry Services ("Verisign GRS"), the registry which is the exclusive registry for all TLD ".com" domain names, including <debevoise-law.com> and <debevoise-laws.com>, has its principal place of business in Reston, Virginia. *Id.* ¶ 12; *see also Cable News Network, LP, LLLP v. CNNews.com*, 56 F. App'x 599, 602 (4th Cir. 2003) (affirming the district court's ruling that, because the registry, VeriSign GRS, is in the Eastern District of Virginia, the court had jurisdiction under the Anti-cybersquatting Consumer Protection Act).

Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of

---

[1] The undersigned makes no recommendation regarding attorney's fees and costs because Plaintiff did not request them as part of its Motion for Default Judgement.

the events giving rise to the claim occurred in this district. *Id.* ¶ 14.

### B.     Service of Process

The Court must also be satisfied that the defaulting party has been properly served. Pursuant to Federal Rule of Civil Procedure 4(f)(3), a plaintiff may serve an individual who does not reside within a judicial district of the United States "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)3). Here, Defendants Infringing Domain Names' identities are unknown. On December 16, 2021, the Court granted Plaintiff's Motion for Service by Publication and ordered Plaintiff to publish the order providing notice to the Defendant Domain Names once within fourteen (14) days after the entry of the Order. Dkt. No. 18. On December 24, 2021, Debevoise arranged for The Order of Service by Publication to be published in *The Washington Post*. *See* Decl. re Order Mot. for Service by Publication; Dkt. No. 21-1. On January 5, 2022, Debevoise filed its declaration describing its compliance with the Court's Order. *Id.* Therefore, the undersigned finds that service of process is proper in this action.

### C.     Grounds for Default

Plaintiff filed its Complaint on December 13, 2021. Dkt. No. 1. In accordance with the Order of Service by Publication, the Defendants Infringing Domain Names' answers or other responses were due no later than January 13, 2022. No such answer or other response has been filed or served. Dkt. No. 22; *see also* Pl.'s Request for Entry of Default ¶ 6. Plaintiff filed a Request for Entry of Default with the Clerk of the Court on January 18, 2022. *Id.* On January 20, 2022, the Clerk entered default against the Defendants Infringing Domain Names. Dkt. No. 23. On January 21, 2022, Plaintiff filed a Motion for Default Judgment and accompanying memorandum in support of its Motion. Dkt. Nos. 25-26. On March 4, 2022, the undersigned

Magistrate Judge conducted a hearing on the matter. Dkt. No. 33. When a representative for the Defendants failed to appear at the March 4, 2022 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. *Id.*

## II.     FACTUAL FINDINGS

Plaintiff Debevoise & Plimpton LLP ("Debevoise") is a leading international law firm with offices across the world that handles a wide breadth of legal services including, but not limited to, international dispute resolution, intellectual property litigation, and corporate mergers and acquisitions. Compl. ¶ 15. Debevoise is the only law firm that has appeared on the American Lawyer A-list every year since that lists' inception. *Id.* Debevoise and its lawyers are regularly mentioned in public decisions by prominent courts and other tribunals. *Id*. Debevoise is also often featured in leading publications such as The New York Times and The Wall Street Journal. *Id*. Debevoise is the sole and exclusive owner of a number of registered, incontestable trademarks in the United States, including DEBEVOISE® (U.S. Reg. No. 2,777,096) and DEBEVOISE & PLIMPTON® (U.S. Reg. No. 2,513,942). *Id*. ¶ 16. The DEBEVOISE® and DEBEVOISE & PLIMPTON® trademarks are also registered in many countries throughout the world, including but not limited to, the United Kingdom, the European Union, China, Japan, India, South Korea, Turkey, and the Russian Federation. *Id.* Debevoise has an active presence on the Internet and maintains online blogs and newscasts to further build and expand its online presence. *Id.* ¶ 17. The principal domain name registered by Debevoise is <debevoise.com>. *Id.* Debevoise registered this domain name on June 13, 1996 and has used the domain name in connection with its website and its corporate email. *Id.* Debevoise also owns other domain names that incorporate the DEBEVOISE® mark, including but not limited to, <debevoisedatablog.com> and <debevoisedataportal.com>. *Id.* By reason of the extensive use of the DEBEVOISE® mark and the advertising of Debevoise's services through the mark, the

DEBEVOISE® mark has come to be recognized and relied upon by the trade and the public as identifying Debevoise and its legal services, and distinguishing Debevoise from other law firms and their services. *Id.* ¶ 18.

The Defendants registered <debevoise-law.com> and <debevoise-laws.com> on October 8, 2021, and September 26, 2021, respectively, without authorization from Debevoise. *Id.* ¶ 20. The <debevoise-law.com> and <debevoise-laws.com> domain names were registered in an effort to profit from Debevoise's goodwill and to trick unsuspecting visitors and recipients, who are under the impression they are transacting with a legitimate Debevoise contact, into giving their valuable sensitive information and/or funds to the registrant and/or their affiliates. *Id.* ¶ 19. Despite repeated efforts to resolve this dispute, neither Defendants have responded to Debevoise's repeated notices regarding the unauthorized registration and use of the <debevoise-law.com> and <debevoise-laws.com> domain names. *Id.* ¶ 24. The registration and infringing use by the registrant of the <debevoise-law.com> and <debevoise-laws.com> domain names constitute cyberpiracy in violation of the Anticybersquatting Consumer Protection Act ("ACPA"), as well as trademark infringement under the Lanham Act. *Id.* ¶ 26. The Defendants are attempting to capitalize on the valuable goodwill of Debevoise for their own commercial gain, to defraud the public by impersonating Debevoise and its lawyers and tarnish the distinctive DEBEVOISE® mark in the process. *Id.*

### III. <u>EVALUATION OF PLAINTIFFS' COMPLAINT</u>

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008);

5

*Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id*.

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### Violation of the ACPA

Plaintiff alleges a violation of Trademark Cyberpiracy, 15 U.S.C. § 1125(d), in Count I of its Complaint. Compl. ¶¶ 27-32. To prevail under 15 U.S.C. § 1125(d), a plaintiff must establish that (1) its mark is protectable, and (2) that defendants' use of the mark is likely to cause confusion among consumers. *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 673–74 (7th Cir. 2001). Moreover, a plaintiff must prove that the defendants registered, trafficked in, or used the domain names with a bad faith intent to profit and that the domain names are either

6

identical or confusingly similar to a distinctive mark owned by plaintiff, or, upon a finding that a mark owned by plaintiff is famous, that the domain names are identical or confusingly similar to, or dilutive of, plaintiff's famous mark(s). *See* 15 U.S.C. § 1125(d)(1)(A); *see also People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). The Complaint pleads that Defendants' domain names are identical to the federally registered DEBEVOISE® trademark, and that the registration of the Defendants' domain names was in bad faith. *See* Compl. ¶¶ 10, 25, 29.

Here, the undersigned finds that Plaintiff has established a violation of the ACPA for the following reasons. First, the DEBEVOISE® and DEBEVOISE & PLIMPTON® wordmarks are distinctive and were distinctive at the time of the registration of the <debevoise-law.com> and <debevoise-laws.com> domain names. Dkt. No. 26 at 7. The DEBEVOISE® and DEBEVOISE & PLIMPTON® wordmarks are registered on the Principal Register of the USPTO, which is presumptive evidence of their distinctiveness. *Id.*; *see also* 15 U.S.C. § 1115(a). Further, Debevoise's trademarks were incontestable years prior to the time that they were registered by Defendants. *Id.*; *see also* 15 U.S.C. § 1065. Accordingly, Debevoise has protectable trademark rights in the DEBEVOISE® and DEBEVOISE & PLIMPTON® marks. *Id.*

Second, the <debevoise-law.com> and <debevoise-laws.com> domain names are confusingly similar to Debevoise's trademarks because they incorporate the entirety of the distinctive DEBEVOISE® mark along with purely descriptive content ("law" or "laws") that describes the services Debevoise provides. *Id.*; *see also* 15 U.S.C. § 1125(d)(1)(A)(ii)(I). The confusing similarity standard for trademarks under the ACPA is satisfied when a domain is "virtually identical" to the plaintiff's trademark. *Id.*; *Agri-Supply Co.*, 457 F. Supp. 2d at 663 (E.D. Va. 2006). It is apparent from the facial similarity between the Defendants' domain names

7

and Debevoise's trademarks that they are virtually identical to the DEBEVOISE® mark, as they incorporate it in its entirety. *Id.*; *see also Coca-Cola Co. v. Purdy*, 382 F.3d 774, 783 (8th Cir. 2004) ("It is the challenged domain name and the plaintiff's mark which are to be compared.")

Furthermore, the use of the domain names to send malicious phishing emails and to host a landing page filled only with ads for legal services, are neither bona fide offerings of any good or service, nor any form of noncommercial or fair use that are recognized by the ACPA. *Id.* at 7-8. The ACPA lists several non-determinative factors that a court may consider when determining bad faith – all of which tip in Debevoise's favor – including (1) the defendants' intellectual property rights in the domain name; (2) the extent to which the name consists of the defendants' legal name; (3) a defendants' prior use of the domain with a bona fide offering of goods and services; (4) a defendants' bona fide noncommercial or fair use of the mark in a site accessible under the domain name; (5) the defendants' intent to divert customers from the mark owner's online location to a site accessible under the domain that could harm the goodwill represented by the mark, for either commercial gain or with intent to tarnish; (6) the defendants' provision of misleading or false contact information when applying for registration of the domain name; and (7) the defendants' registration or acquisition of multiple domain names which the defendants know are identical or confusingly similar to the marks of others. *Id.* at 8; *see also* 15 U.S.C. § 1125(d)(1)(B)(i)(I), (II), (III), (IV), (V), (VII), (VIII); *Agri-Supply Co.*, 457 F. Supp. 2d at 663.

Here, the undersigned Magistrate Judge finds that the facts support a finding of bad faith by the registrant of the Defendants Infringing Domain Names. First, the Defendants have no intellectual property rights whatsoever in the <debevoise-law.com> and <debevoise-laws.com> domain names. Dkt. No. 26 at 8. Second, these Defendants' domain names contain the entirety

of Debevoise's incontestable DEBEVOISE® mark, with no other distinguishing factors present. *Id.*; *see also* Compl. ¶ 25, 28; 15 U.S.C. § 1125(d)(1)(B)(i)(I). There is no basis to believe the domain names consist of the legal name of the Defendants or represent a name commonly used to identify the Defendants The addition of "-law" and "-laws" only makes the Defendants' domain names more confusingly similar to Debevoise's authentic marks as they describe the industry in which Debevoise operates. *Id.*

Regarding the third and fourth factors, the Defendants' use of the domain names is not a bona fide offering of goods or services, nor a noncommercial or fair use of Debevoise's trademarks on the websites. *Id.*; *see also* Compl. ¶ 25; 15 U.S.C. § 1125(d)(1)(B)(i)(III-IV). For example, the <debevoise-laws.com> domain name displayed solely advertisements, which is not a bona fide offering of goods or services. *Id.*; *see also Prudential Insurance Co. of Am. v. PRU.COM*, No. 20 CV 450, 2021 WL 2744526, at *6 (E.D. Va. June 30, 2021).

Fifth, the Defendants have utilized the domains to confuse consumers and divert customers away from the legitimate Debevoise website. *Id.*; *see also* Compl. ¶ 21; 15 U.S.C. § 1125(d)(1)(B)(i)(V). For example, Defendants used <debevoise-law.com> to impersonate Debevoise attorneys in an attempt to trick victims into sending funds, trade secrets, or other sensitive information by convincing the recipient that they are communicating with Debevoise. *Id.* The legal services ads shown on <debevoise-law.com> similarly are intended to divert customers seeking legal services away from Debevoise. *Id.* Here too, the domain names incorporate the entirety of the distinctive DEBEVOISE® mark. *Id.*; *see also Prudential*, 2021 WL 2744526, at *7 (approvingly citing a Sixth Circuit case, *DaimlerChrysler v. The Net Inc.*, 388 F.3d 201 (6th Cir. 2004), which held that intent to divert can be inferred where the domain name is phonetically identical to the plaintiff's mark).

Sixth, the Defendants did not supply any legitimate contact information when registering the domains. The Defendants' information is masked by an Iceland-based privacy service and all attempts to contact the Defendants' through the privacy service have been unsuccessful. *Id.* at 10; *see also* Compl. ¶ 2, 8, 11; 15 U.S.C. § 1125(d)(1)(B)(i)(VII).

Seventh, both domain names expropriate the entirety of the DEBEVOISE® mark, which was distinctive at the time of registration. *Id.*; *see also* 15 U.S.C. § 1125(d)(1)(B)(i)(VIII). The fact that both domains were registered through the same registrar and the Defendants' identity is protected by the same Icelandic privacy services is circumstantial evidence that the same individual is behind both registrations. *Id.*

Therefore, the undersigned Magistrate Judge finds that each factor favors Debevoise. For all these reasons, the pleaded facts support a finding of bad-faith registration of the <debevoise-law.com> and <debevoise-laws.com> domain names.

### IV.    RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends entry of default judgment as to Count I in favor of Plaintiff against the Defendants Infringing Domain Names for violation of the ACPA. The undersigned further recommends that an Order be entered directing VeriSign, Inc. and the individual registrar holding or listing the Infringing Domain Names and any other infringing domain names owned or controlled by Defendants to change the registrar of record to re-register the Infringing Domain Names in Plaintiff's name and under Plaintiff's ownership.

### V.    NOTICE

**By mailing copies of this Report and Recommendation, the Court notifies the parties as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C.**

**§ 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to the registrant(s) at the physical and email addresses associated with the Defendants:

87584b9b5a6b4500aad463c313bcd305.protect@withheldforprivacy.com
1b167490e6bf4c4dad9c61ed3b93e28b.protect@withheldforprivacy.com.

August 10, 2022

Alexandria, Virginia

/s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge